UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EUGENE WADE**                                                                 **CIVIL ACTION**

**VERSUS**                                                                       **NO. 19-726-SDD-SDJ**

**LOUISIANA STATE, INC., et al.**

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (R. Doc. 30), filed on February 25, 2020.[1] As of this Order, Defendants have not answered Plaintiff's Complaint, the parties have not submitted a status report or held a Rule 26(f) conference (to the Court's knowledge), and a Scheduling Oder has not been issued. (R. Doc. 31 at 4) (indicating that the parties have not held a Rule 26(f) conference or conducted any discovery).

While Rule 56(b) of the Federal Rules of Civil Procedure generally allows a party to move for summary judgment "at any time until 30 days after the close of all discovery,"[2] Courts have routinely found a motion for summary judgment filed before a defendant's answer to be premature. *See Kuperman v. ICF International, Inc.*, 2008 WL 647557, at *1 (E.D. La. March 5, 2008) ("Even though the motion is technically timely under Rule 56, Courts are permitted to dismiss such a

---

[1] Instead of filing an opposition, Defendants filed a Motion to Dismiss (R. Doc. 31) Plaintiff's Motion for Summary Judgment, "which is procedurally improper." *Meyer v. Bayles*, 2012 WL 5351870, at *1 (W.D. La. Oct. 29, 2012) (motion to dismiss a motion for summary judgment procedurally improper). Nonetheless, the Court considers Defendants' filing as an opposition. Relevant here, Defendants suggest that Plaintiff has prematurely moved for summary judgment before any answers have been filed or discovery has even begun. (R. Doc. 31 at 3-5). Defendants alternatively ask the Court for additional time to oppose the merits of Plaintiff's Motion for Summary Judgement, should the Court determine it is not premature.

[2] The Court may however set a different time period for filing motions for summary judgment, either by local rule or court order. *See* Fed. R. Civ. P. 56(b) (30 days from the close of discovery is the default time limit for filing a motion for summary judgment if another time has not been set either by local rule or court order).

motion without prejudice if it is filed before any party answers."); *Dowl v. Prince*, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011) (court may deny a motion for summary judgment "if it is filed before any party answers"); *Watkins v. Monroe*, 2019 WL 1869864, at *1 (E.D. Tex. March 27, 2019) (denying motion for summary judgment without prejudice; summary judgment prematurely filed before defendant's answer); *Smith v. Citibank, N.A.*, 2019 WL 4061705, at *1 (W.D. Tex. May 13, 2019) (motion for summary judgment filed before defendant had been served or answered was premature).

Because Defendants have not answered the Complaint and the parties have not engaged in any discovery, the Court finds Plaintiff's Motion for Summary Judgment to be premature. *See Williams v. Dep't of Children & Family Servs. State of La.*, 2017 WL 952004, at *1 (E.D. La. March 10, 2017) (denying without prejudice motion for summary judgment filed before defendant's answered and "presumably before discovery was exchanged" or "a scheduling conference . . . has been ordered"); *Mack Energy Company v. Red Stick Energy, LLC*, 2019 WL 4887410, at *1 (W.D. La. Oct. 2, 2019) (summary judgment should not ordinarily be granted when discovery has not been completed or has just commenced). For these reasons,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (R. Doc. 30) is **DENIED without prejudice**. To be clear, Plaintiff may refile his Motion at a later date, once Defendants have answered and the parties have engaged in discovery.

Signed in Baton Rouge, Louisiana, on July 9, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**