## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EUGENE WADE**                                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 19-726-SDD-SDJ**

**LOUISIANA STATE, INC, et al.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the United States District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 27, 2020.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EUGENE WADE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-726-SDD-SDJ** |
| **LOUISIANA STATE, INC, et al.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are two Motions to Dismiss (R. Docs. 25 and 32) filed by the various Defendants. Plaintiff has not opposed either Motion to Dismiss. For the reasons given below, the Court **recommends** that the Motions to Dismiss (R. Docs. 25 and 32) be **granted** and that Plaintiff's lawsuit be **dismissed** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has also filed a Motion for Anti-Suit Injunction (R. Doc. 16). Because the Court recommends dismissal of Plaintiff's lawsuit, Plaintiff's Motion for Anti-Suit Injunction (R. Doc. 16) should likewise be **denied as moot**.

**I.    BACKGROUND**

In 2019, Plaintiff, Eugene Wade, had both a credit card and car loan through EFCU Financial Federal Credit Union (EFCU). When he failed to make payments due on both his credit card and car loan, EFCU filed 2 lawsuits against Eugene Wade in Louisiana state court — one in the 19th Judicial District Court and another in Zachary City Court. Mary Terrell Joseph and Jon Ann Giblin of McGlinchy Stafford, PLLC, represented EFCU in both lawsuits.

First, EFCU filed an executory process suit against Wade in the 19th JDC, seeking a writ of seizure and sale of Wade's 2018 Mercedes Sprinter Van after he defaulted on his car loan. (R.

Doc. 25-2 at 3-15). Relevant here, both Commissioner Kina Kimble and Judge William Morvant issued Orders that eventually led to the seizure and sale of Wade's Van. (R. Doc. 25-2 at 8, 66, 68).

Second, EFCU sued Wade in Zachary City Court seeking a money judgment after Wade failed to pay the amounts due on his credit card. (R. Doc. 25-2 at 69-77). Represented by the same counsel, EFCU obtained a judgment against Wade, which was signed by Judge Lonny Myles. (R. Doc. 25-2 at 75-77). Wade failed to appeal the adverse judgments rendered by either the 19th JDC or the Zachary City Court.

Instead, Wade filed this lawsuit against the following Defendants in federal court: Louisiana State Inc., the 19th Judicial District Court, the Parish of East Baton Rouge, Commissioner Kina Kimble, Judge William A. Morvant, Zachary City Court, Judge Lonny Myles, EFCU Financial Federal Credit Union, McGlinchey Stafford, Mary Terrel Joseph, Jon Ann Giblin, and the United States of America USA, Inc. (R. Doc. 1).[1] Although his Complaint is hard to follow, Plaintiff provides a general overview of his allegations before laying out his separate claims (or "Count[s]"): Defendants "conspired to defraud" Plaintiff in the state court proceedings and are liable for "denial of due process of law and deprivation of rights/human and civil rights violations," including "Constitutional Violations, 6th Amendment, 11th Amendment, and many more unlimited."[2] (R. Doc. 1 at 1-2, 7). Plaintiff also makes a "demand for reopen and audit" of the state

---

[1] In his Complaint, Plaintiff describes the individual Defendants as "foreign agents" who "are in violation of the Foreign Agent Registration Act," without any meaningful explanation. (R. Doc. 1 at 7).

[2] While Plaintiff does not define the term "many more unlimited," it appears he is referring to the numerous federal statutes listed throughout his Complaint — many of which are criminal and do not provide a private cause of action — which he claims Defendants violated in connection with the state court proceedings. (R. Doc. 1 at 9-15). For example, Plaintiff, in part, alleges that Defendants conspired to commit "mail, wire, [and] bank fraud," "treason," "bank robbery" and "extortionate credit transactions." (R. Doc. 1 at 13). He also claims the various Defendants "did go outside of the United States, did enter into one of the several states with willful intent to conspire, to deceive, misrepresent, mislead, extort, racketeering, RICO [and] fraud," in violation of the "Foreign Corrupt Practice Act." (R. Doc. 1 at 12). Plaintiff later claims, among other things, that Defendants interfered with "federal and state law,"

court proceedings. (R. Doc. 1 at 1). As relief, Plaintiff asks this Court to "declare[]" the state court judgments "illegal and void," enjoin their enforcement, and award monetary damages. (R. Doc. 1 at 16).

Following Plaintiff's Complaint, the various Defendants[3] filed two separate Motions to Dismiss — EFCU, McGlinchey Stafford, Joseph and Giblin (EFCU Defendants) moved to dismiss on February 6, 2020 (R. Doc. 25), followed by the State of Louisiana, 19th JDC, Zachary City Court, Judge Morvant, Judge Myles and Commissioner Kimble (State Defendants) on March 3, 2020 (R. Doc. 32).

## II.     LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of an action if the court lacks subject matter jurisdiction over the plaintiff's claim. While motions brought under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court, *see Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), the burden of proving subject matter jurisdiction is on the party asserting it. In this case, Plaintiffs bear the burden of establishing that this Court has subject matter jurisdiction over his claims against the various Defendants.

## III.    DISCUSSION

Each Motion to Dismiss asserts multiple and unique grounds for dismissal of Plaintiff's Complaint. (R. Docs. 25 and 32). However, both Motions suggest the *Rooker-Feldman* Doctrine deprives this Court of subject matter jurisdiction, warranting dismissal of Plaintiff's Complaint

---

including the "Public Vessels Act." (R. Doc. 1 at 13). And while it is, at times, hard to decipher Plaintiff's allegations, his claims, even those mentioned above, seem to stem from Defendants' alleged conduct during the state court proceedings.

[3] Defendants, United States of America USA, Inc. and Parish of East Baton Rouge, did not join in either Motion to Dismiss as neither Defendant has been served.

under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because subject matter jurisdiction is a threshold question, and the issue is raised in both Motions, the Court considers it first.

    **A.**    **Rooker-Feldman Doctrine**

*Rooker-Feldman* bars federal district courts from "modify[ing] or revers[ing] state court judgments." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013); *see also Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (holding *Rooker-Feldman* applies when a federal plaintiff challenges a state-court judgment as "legal[ly] wrong" or otherwise "erroneous"). But the doctrine is narrow and "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In determining whether *Rooker-Feldman* applies, a court must carefully evaluate what it is asked to review and reject. *Truong*, 717 F.3d at 382 (citing *Exxon Mobil*, 544 U.S. at 284). The court lacks jurisdiction only when the plaintiff "seeks relief that directly attacks the validity of an existing state court judgment," *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011), or the plaintiff's federal claims "are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Illinois Central Railroad Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012). Here, either standard is met.

First, the relief sought by Plaintiff directly attacks the validity of both state court judgments. Specifically, Plaintiff claims the various Defendants conspired against him in the state court proceedings, violating his right to due process, as well as other rights secured by federal law. (R. Doc. 1 at 7, 8, 16). As a result, Plaintiff suggests the state court judgments were entered in fraud, and "demand[s]" that this Court "reopen and audit" both cases, "reverse [their] judgments and declare them void." (R. Doc. 1 at 1, 16).

Plaintiff's allegations and requested relief are clear — he is directly attacking the validity of the state court judgments. And federal courts considering similar complaints have consistently dismissed them as barred by the *Rooker-Feldman* Doctrine. *See Magor v. GMAC Mortgage, L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (*Rooker-Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *Turner v. Cade*, 354 F. App'x 108, 110-11 (5th Cir. 2009) (*Rooker–Feldman* bars a claim that a state-court divorce decree was procured through fraud when the federal plaintiff asked the decree be declared void); *Turner v. Chase*, 334 F. App'x 657, 659-60 (5th Cir. 2009) (*Rooker–Feldman* bars a federal suit in which the plaintiff alleges fraud "and, ultimately, seeks to nullify the state-court judgment averse to her"); *Sookma v. Millard*, 151 F. App'x 299, 300-01 (5th Cir. 2005) (*Rooker–Feldman* bars a federal plaintiff's claim that her state-court opponents and state judges conspired to deprive her of civil rights when she sought to enjoin enforcement of a state divorce decree); *United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994) (*Rooker–Feldman* prohibits a district court from voiding state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured).

Because Plaintiff asks this Court to "reopen," "audit" and "declare void," two state court judgments, his Complaint is barred by the *Rooker-Feldman* Doctrine and must be dismissed in its entirety. To be clear, all of Plaintiff's claims against all Defendants must be dismissed.

Although Plaintiff alleges numerous violations of federal law and generally "cast[s] [his] complaint in the form of a civil rights action," his federal claims, even those that could arguably be seen as independent, are "inextricably intertwined" with the state court proceedings, and therefore barred by *Rooker-Feldman*. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317-18 (5th Cir. 1994) (issues are "inextricably intertwined" when a plaintiff "cast[s] [a] complaint in the form of

a civil rights action," simply to circumvent the *Rooker–Feldman* doctrine); *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006) ("To the extent plaintiff raises issues that could be seen as distinct from those actually decided by the New Mexico Court of Appeals, we hold those issues to be 'inextricably intertwined' with the underlying state court judgments and therefore barred from federal court by Rooker–Feldman.").

To be sure, the numerous claims stated in the Complaint, which Plaintiff refers to as "Count[s]," stem from the Defendants alleged conspiracy to defraud Plaintiff that culminated in the adverse judgements. Because Plaintiff asks this Court to reverse those judgments, enjoin their enforcement and award monetary damages based the erroneous judgments, the numerous violations of federal law alleged by Plaintiff cannot be considered without re-examining the state court judgments. Under the circumstances, this Court lacks subject matter jurisdiction to review Plaintiff's Complaint under the *Rooker-Feldman* Doctrine. *See Grove v. Groome*, -- F. App'x -- , 2020 WL 2845562, at *1 (10th Cir. June 2, 2020) (complaint appropriately dismissed, as district court lacked jurisdiction based on Rooker-Feldman, and finding: "Mr. Grove could challenge the ruling by appealing in state court, not by asking the federal district court to award damages based on the county district judge's error."); *Morris v. American. Home Mortgage Servicing, Inc*., 443 F. App'x 22, 24 (5th Cir. 2011) ("Morris's claims that the foreclosure judgment . . . was unlawful are barred by *Rooker–Feldman* because he is complaining of injuries caused by the state court judgments. His claims for, and related to, the allegedly unlawful debt collection practices are also barred by *Rooker–Feldman* because, crucially, the only relief he sought was the setting aside of the state foreclosure judgment and staying of the execution of the writ of possession."); *Richard v. Hoechst Celanese Chem. Grp., Inc*., 355 F.3d 345, 351–52 (5th Cir. 2003) ("The Cox court's findings that allow for certification are 'inextricably intertwined' with Richard's constitutional

challenge to the state's compliance with due process requirements. A federal court cannot examine the due process deficiencies in Cox without disturbing the underlying judgment."); *Garner v. Gonzales*, 167 F. App'x 21, 24 (10th Cir. 2006) (Where plaintiff's federal lawsuit was inextricably intertwined with the state court judgments, his complaint was barred by *Rooker-Feldman*. Moreover, "Plaintiff's request for prospective and injunctive relief is simply a reformulated request for a judgment that the state court violated his rights in the past," and was likewise barred.).

### B.     Remaining Grounds for Dismissal

Because the Court finds dismissal of Plaintiff's entire Complaint to be appropriate under Rule 12(b)(1), it will not consider the remaining grounds for dismissal in either Motion to Dismiss. (R. Doc. 25-1 at 10-27); (R. Doc. 32-1 at 5-11, 12-16). *See Stabler v. Ryan*, 949 F. Supp. 2d 663, 668 (E.D. La. 2013) (declining to reach defendant's remaining grounds for dismissal, as a "lack of subject matter jurisdiction . . . alone would be fatal to Plaintiff's claims," which "Defendant has persuasively demonstrated . . . ."); *Garner v. Gonzales*, 167 F. App'x 21, 23 (10th Cir. 2006) (where plaintiff sued multiple state officials and state court judges, court found dismissal of entire complaint appropriate under *Rooker-Feldman* Doctrine for lack of subject matter jurisdiction, without considering other grounds for dismissal).

### C.     Plaintiff's Motion for Anti-Suit Injunction

Because the Court recommends dismissal of Plaintiff's entire Complaint for lack of subject matter jurisdiction, Plaintiff's pending Motion for Anti-Suit Injunction should likewise be denied as moot. (R. Doc. 16) (requesting an order enjoining the enforcement of the state court judgments).

### III.  CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Defendants' Motions to Dismiss (R. Docs. 25 and 32) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** in its entirety, as the *Rooker-Feldman* Doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiff's Complaint. "A jurisdictional disposition," like this one, "is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("But it is without prejudice on the merits, which are [potentially] open to review in state court to the extent the state's law . . . permits.").

The Court additionally **RECOMMENDS** that Plaintiff's Motion for Anti-Suit Injunction (R. Doc. 16) be **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on July 27, 2020.

 

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**